UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUYONN A. VINCENT,

    Petitioner,

v.

G. SKIPPER,

    Respondent.
_____/

Case No. 18-11369

HON. AVERN COHN

### ORDER TRANSFERRING THE PETITION TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2244(b)(3)(A)

I. Introduction

This is a habeas case under 28 U.S.C. § 2241. Petitioner Duyonn A. Vincent has filed a pro se habeas petition challenging his state convictions for first-degree murder, M.C.L. § 750.316, and possession of a firearm during the commission of a felony, M.C.L. § 750.227b. As will be explained, this is Petitioner's second petition, and he has not acquired permission from the Court of Appeals for the Sixth Circuit to file a second or successive petition. Therefore, the case will be transferred to the Sixth Circuit for a determination of whether Petitioner may pursue the case.

II. Background

Petitioner was charged with open murder and felony firearm in Genesee County, Michigan. At trial, he moved for a directed verdict of acquittal on the first-degree murder charge. The trial court initially stated that, at best, the prosecution had proved second-degree murder because there was no showing of premeditation. The trial court subsequently reconsidered its ruling and allowed the jury to consider whether Petitioner

was guilty of first-degree murder.  The jury subsequently found Petitioner guilty of first-degree murder and felony firearm.  The trial court sentenced Petitioner to two years in prison for the firearm conviction and to a consecutive term of life imprisonment for the murder conviction.

On direct appeal, Petitioner argued that his double jeopardy rights were violated when the trial court reconsidered its decision on his motion for a directed verdict of acquittal and allowed the jury to consider the first-degree murder charge.  The Michigan Court of Appeals agreed with Petitioner, reversed his first-degree murder conviction, and remanded the case for entry of a conviction of second-degree murder and for resentencing.  See People v. Vincent, 546 N.W.2d 662 (Mich. Ct. App. 1996).  The Michigan Supreme Court reversed the Michigan Court of Appeals on the basis that the trial court did not direct a verdict of acquittal on the first-degree murder charge and that Petitioner's double jeopardy rights were not violated.  See People v. Vincent, 565 N.W.2d 629 (Mich. 1997).[1]  The Supreme Court denied certiorari.  See Vincent v. Michigan, 522 U.S. 972 (1997).

In 1998, Petitioner filed a habeas petition challenging his convictions. The district court granted the petition on the double-jeopardy issue and ordered the state court to enter a conviction of second-degree murder and resentence Petitioner.  See Vincent v. Jones, No. 98-40007 (E.D. Mich. Nov. 3, 2000).  The Sixth Circuit affirmed. See Vincent v. Jones, 292 F.3d 506 (6th Cir. 2002).  The Supreme Court reversed the Sixth Circuit's

---

[1] Justice Michael F. Cavanagh filed a dissenting opinion in which Justices James H. Brickley and Marilyn J. Kelly concurred.

decision, see Price v. Vincent, 538 U.S. 634 (2003), and on remand the district court denied the petition. See Vincent v. Jones, No. 98-40007 (E.D. Mich. July 15, 2003).

Petitioner then recently returned to state court and filed a petition for collateral review. The trial court denied relief on the basis that Petitioner's challenge to the legality of his conviction was without merit and beyond the court's authority to overturn in light of the United States Supreme Court's decision. See People v. Vincent, No. 91-45890-FC (Genesee Cty. Cir. Ct. Apr. 3, 2018).

Petitioner filed this action on May 1, 2018. He alleges that he was never arraigned or bound over to state circuit court on a charge of first-degree murder and, therefore, the state trial court lacked subject matter jurisdiction.

### III. Discuission

Habeas petitioners generally have only "one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." In re Stansell, 828 F.3d 412, 413 (6th Cir. 2016). Thus, a habeas petitioner must seek authorization from the appropriate court of appeals before filing a second or successive petition. 28 U.S.C. § 2244(b)(3)(A); Magwood v. Patterson, 561 U.S. 320, 330-31 (2010); Stansell, 828 F.3d at 414.

Petitioner has not acquired permission from the court of appeals to file a second or successive petition. His current claim was ripe for review when he filed the prior petition, and the fact that he filed the current petition under 28 U.S.C. § 2241 (the general habeas statute), rather than 28 U.S.C. § 2254 (the more specific statute for prisoners in custody under a state judgment) does not excuse his failure to seek prior

3

authorization from the Federal Court of Appeals. "[S]ection 2244(b) applies to any habeas corpus petition seeking relief from custody pursuant to a state court judgment." Rittenberry v. Morgan, 468 F.3d 331, 336 (6th Cir. 2006).

Where, as here, a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[2] In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Clerk of the Court shall TRANSFER this case to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 2244(b)(3)(A) and In re Sims, 111 F.3d at 47.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 6/14/2018
Detroit, Michigan

---

[2] Section 1631 states that,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

4